IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | Case Nos. |
| LIABILITY LITIGATION | * | 3:07-cv-00101 (Stafford *et al.*) 3:07-cv-00102 (Booth *et al.*) |
| | * | 3:07-cv-00130 (Dover *et al.*) |

O R D E R

At the pretrial conference in the above-captioned case, the Court made various rulings on the parties' motions in limine. The Court expressed skepticism as to the admissibility of evidence of ObTape complications that occurred in other women after Plaintiffs were implanted with ObTape. The Court preliminarily ruled that such incidents would not be admitted except potentially on the issue of punitive damages. However, the Court left the door open to reconsider that preliminary ruling after receiving additional briefing by the parties. Upon further consideration, the Court finds that subsequent incidents of ObTape complications that are substantially similar to those experienced by Plaintiffs may be admissible at trial. The Court therefore denies Defendant Mentor Worldwide LLC's ("Mentor") motions in limine as to such evidence.

At the pretrial conference, the Court was focused upon the more common issue of the admissibility of *prior* substantially similar incidents to show notice of defect. The Court expressed skepticism that *subsequent* incidents would be relevant on the notice issue

because the relevant notice related to knowledge that Mentor had at the time ObTape was sold or implanted. Interpreting *Ford Motor Co. v. Reese*, 300 Ga. App. 82, 684 S.E.2d 279 (2009) as a rejection of Plaintiff's post-implantation duty to warn theory, the Court tentatively concluded that these subsequent incidents would not be relevant to any issue except possibly the issue of punitive damages. Plaintiffs' counsel argued that the subsequent incidents would also be relevant on the issue of causation. At the time of the pretrial conference, the Court had trouble grasping this argument.

Having now conducted independent research on the issue, the Court finds that Plaintiff's counsel was correct. Preliminarily, the Court notes that some of the confusion over this issue arises because of a lack of clarity as to whether this issue must be decided under the Federal Rules of Evidence or whether Georgia law on this issue should likewise be considered. The Court concludes that the issue should be decided under the Federal Rules of Evidence. *See Heath v. Suzuki Motor Corp.,* 126 F.3d 1391, 1396 (11th Cir. 1997)(holding that the Federal Rules of Evidence, not Georgia law, govern the admissibility of similar transaction evidence in products liability action where federal jurisdiction is predicated upon diversity of citizenship).[1]

---

[1] Although federal law applies here, it is likely that the subsequent incidents would also be admissible under Georgia law. The Georgia "other transactions principle" is presently codified in O.C.G.A. § 24-2-2 ("The general character of the parties and especially their conduct in other

2

Under binding Eleventh Circuit precedent, "evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, *and causation*." *Hessen v. Jaguar Cars,* 915 F.2d 641, 650 (11th Cir. 1990) (emphasis added). Therefore, it is clear in this Circuit that the relevance of such evidence is not dependent solely upon whether it is probative of prior notice. It can be admitted to show causation, as Plaintiff's counsel has argued. In the context of *prior* similar occurrences, the Eleventh Circuit has explained that prior similar occurrences of product failure may be relevant to show "the harmful tendency or capacity" of a product, as long as "the

---

transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.") However, the Georgia courts have recognized that *subsequent* substantially similar incidents may be admissible to show causation. *See Browning v. Paccar, Inc.,* 214 Ga. App. 496, 498, 448 S.E.2d 260, 263 (1994)("[W]here similar occurrences or methods of acting or transactions tend to prove some fact of the case . . . [evidence may be admitted] to show knowledge of defect, or causation, or prior existence of a dangerous or hazardous condition, or it might rebut a contention of impossibility" (citing *Gunthrope v. Daniels,* 150 Ga. App. 113, 257 S.E.2d 199 (1979)). *See also Carlson v. Wilkes Supermarket,* 181 Ga. App. 834, 835, 353 S.E.2d 922, 924 (1987) (evidence that there were no other complaints prior or subsequent to plaintiff's purchase of Thanksgiving turkey, was relevant to question whether turkey production process caused salmonella poisoning, where turkey production process was substantially similar during holiday season). The principle that subsequent substantially similar incidents may be relevant to whether the complained of defect caused a particular injury has long been recognized in Georgia. *See Gilmer v. City of Atlanta,* 77 Ga. 688 (1886)("The fact that another fell from the same cause is certainly a circumstance that the sidewalk will occasion falls[.]")

3

conditions operating to produce the prior failures were substantially similar to the occurrence in question." *Borden, Inc.* v. *Florida East Coast Ry. Co.,* 772 F.2d 750, 755, (quoting *Jones v. Laughlin Steel Corp. v. Matherne,* 348 F.2d 394, 400 (5th Cir. 1965)). The Court can conceive of no reason why this principle would not apply to *subsequent* occurrences as long as they satisfy the "substantial similarity" test.[2]

Based on the foregoing, the Court finds that evidence of substantially similar ObTape complications that occurred in other women after the Plaintiffs were implanted may be admissible at trial, and Defendant's motions in limine on this issue are accordingly denied. Any ruling made at the pretrial conference to the contrary is hereby vacated.

Implicit in this Order is the requirement that Plaintiffs must establish that prior or subsequent incident evidence is substantially similar for it to be admitted. To facilitate the trial and to assure that the jury only hears admissible evidence, this determination

---

[2]The Court also notes that such evidence may be admissible on the issue of punitive damages. *See Webster v. Boyett*, 269 Ga. 191, 195, 496 S.E.2d 459, 462 (1998) (noting that both prior and subsequent similar acts by a defendant are relevant on the issue of punitive damages, namely whether the defendant acted with conscious indifference to the consequences of its actions). While a jury may not award punitive damages against a defendant to punish the defendant for harm to non-parties, a jury may consider whether the defendant's conduct risks harm to others in determining reprehensibility, so long as the trial court takes reasonable steps to ensure that the jury will not confuse the two concepts. *Philip Morris USA v. Williams*, 549 U.S. 346, 357 (2007).

4

should be made prior to trial.  Accordingly, Plaintiffs shall file any materials supporting a finding that specific prior or subsequent incidents are substantially similar by 5:00 P.M. on May 20, 2010. Those materials should concisely and clearly demonstrate what evidence Plaintiffs intend to introduce and why it is substantially similar.  Defendant shall file any response by 5:00 P.M. on May 24, 2010.  After reviewing the parties' submissions, the Court will make a ruling on substantial similarity and admissibility under Rule 403.

IT IS SO ORDERED, this 14th day of May, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE