```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE          * MDL Docket No. 2004
                                     4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS      *
                                     Case Nos.
LIABILITY LITIGATION               * 3:07-cv-00101 (Stafford *et al.*)
                                     3:07-cv-00102 (Booth *et al.*)
                                   * 3:07-cv-00130 (Dover *et al.*)

### O R D E R

The purpose of this order is (1) to notify the parties of certain statements the Court intends to make to the jury during voir dire and after the jury is selected, and (2) to inform the parties of the trial schedule so that they may prepare the presentation of evidence in an efficient manner to ensure compliance with this trial schedule.

**I.    Statements to Jury**

The parties shall have until 5:00 P.M. on May 26, 2010 to file any comments, suggestions or objections to these statements.

A.   Voir Dire

The Court intends to make the following statement to the jury panel during voir dire.

I now want to tell you briefly what this case is about to determine whether any of you may know something about it or the issues that may be involved. Now what I am about to tell you is not evidence in the case, and if you are chosen for this jury, you should not base your verdict on what I am about to say. Your verdict will be based on the evidence that is introduced at trial. But I do want

to give you a brief sketch of the case and the parties' contentions to find out whether you have any information that may disqualify you as a juror.

This trial is going to be a little unusual because we have more than one person bringing a claim that you must decide. The claims are all against the same Defendant, but you must decide each claim separately. We have consolidated the claims for trial so that we can avoid multiple trials by multiple juries. The Court has concluded that this is the most efficient way to try these cases.

There are seven Plaintiffs who are bringing claims. They are Janice Crowther and her husband, Terry Crowther, Shirley Stafford and her husband, Torrence Pinkney, Jeannie Tucker and her husband, Kenneth Tucker, and Kellie Looper. They have sued Mentor Corporation which is the Defendant.

Mrs. Crowther, Stafford, Tucker and Looper each claim that they were implanted with a product manufactured by Mentor known as ObTape. This product is a suburethral sling designed to treat stress urinary incontinence in women. These women claim that after implantation of ObTape they began to experience complications which caused them injuries. These alleged complications included extrusion of the ObTape and infections. They allege that these complications were caused because ObTape was defectively designed and manufactured. They also claim that Mentor failed to adequately warn the physicians who implanted ObTape of the complications associated with ObTape.

2

Mrs. Crowther, Staffford, Tucker and Looper each seek money damages from Mentor to compensate them for the injuries they allege that they suffered as result of ObTape. As I mentioned, although we are trying all these claims together, you must consider the evidence separately as to each Plaintiff.

In addition to the claims brought by the women who were actually implanted with the ObTape, three of these women's husbands are bringing separate claims for what the law calls lost consortium. Under the law, a spouse may recover damages that the spouse suffers as a proximate result of injuries suffered by his spouse. Those damages may include damages for loss of companionship and loss of services. These claims are separate claims and will also have to be decided by you separately. The spouses who are asserting lost consortium claims are: Terry Crowther, Torrence Pinkney, and Kenneth Tucker.

In addition to his lost consortium claim, Torrence Pinkney is asserting a separate personal injury claim. He alleges that he suffered bodily injury to himself caused by the ObTape when he was having sexual relations with his wife. You will likewise have to consider this claim separately.

Mentor, the Defendant against whom these claims are brought, denies that it is liable to any of the plaintiffs for any of the claims. It contends that ObTape was not defective in any way–that it was properly designed and manufactured. Mentor also contends that it

3

notified physicians of all complications associated with ObTape and that it fully complied with any obligation it had to warn of any such complications.

Finally, the plaintiffs also make a claim for punitive damages against Mentor. This claim must also be considered separately by you. Punitive damages may not be awarded as compensation but may only be assessed against a defendant under certain circumstances to punish the defendant for willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. I will instruct you in more detail at the end of the case as to the standard that must be applied in evaluating punitive damages. The Defendant, Mentor, denies that it has engaged in any conduct that would support an award of punitive damages.

Now, having heard a summary of what this case is about, is there anyone who thinks they know anything about the case or any of the issues that may be involved?

### B. Preliminary Instructions

The Court intends to make the following statement to the selected jury during the Court's preliminary instructions to the jury prior to opening statements.

Now I want to explain to you again your duty to consider each of the claims in this trial separately. Although I have consolidated

4

the claims for a single trial, you must evaluate the claim of each plaintiff separately. That means that some of the evidence may be relevant as to one of the Plaintiffs while not being relevant to other plaintiffs. For example, although there is some overlap as to witnesses and some witnesses may be testifying on behalf of more than one plaintiff, each plaintiff was implanted at a different time with the ObTape during a separate surgical procedure perhaps by different doctors. Thus you can see that some of the facts relating to one Plaintiff may not be relevant to the claim of another plaintiff. Likewise, one plaintiff's follow up treatment may differ from another's follow up and you will need to consider those separate facts separately for each plaintiff. Also, each plaintiff makes a separate claim for their injuries, and you will need to evaluate separately what each plaintiff has experienced in deciding whether they were injured and the extent of their injuries. You may also find that Mentor had knowledge of different facts at different times, and if you decide that their knowledge is relevant to any of the claims, then you will have to evaluate the timing of that knowledge as it relates to the timing of the implantations for each separate plaintiff. Any significant differences between the different claims will likely be obvious to you during the trial, and the attorneys have been directed to present their cases in a manner that will make this clear. If it is not, I will clarify the issues for you during the trial.

You should also understand that there may be some evidence that is to be considered by you only on the punitive damages claim and not on the compensatory damages claim. As I mentioned during voir dire, punitive damages are assessed against a defendant under certain circumstances to punish that defendant not as compensation to the plaintiffs. Therefore, there are different considerations for determining whether an award of punitive damages is appropriate. Although I will instruct you in more detail at the end of the trial, punitive damages generally can only be awarded if the plaintiff proves by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Given this standard, some evidence may be admitted for your consideration on the issue of whether punitive damages should be awarded that should not be considered by you in determining whether plaintiffs should prevail on their claims for compensatory damages. Again, I've instructed the attorneys to present their case in such a way that this will be evident to you, but if it is not, I will, when necessary and appropriate, give you instructions during the trial on such issues.

## II. Trial Schedule

As the parties know, the trial of this case will begin at 9:00 A.M. on Tuesday, June 1, 2010. On the first day, the jury will be selected and the parties will give their opening statements.

Plaintiffs will begin the presentation of their evidence on June 2, 2010, beginning at 8:00 A.M. Each trial day thereafter will begin at 8:00 A.M. and will conclude at approximately 3:00 P.M., Monday through Friday.

Although the Court at this time does not set any precise time limits on the presentation of the evidence and examination of witnesses, the Court expects the following general timeline to be followed, and if during the trial it appears that such timeline is not being met, the Court will determine at that time what measures should be taken to meet the timeline.

Plaintiffs should finish their case and rest by 3:00 P.M. on Monday, June 14, 2010.

Defendants should finish their case and rest by 3:00 P.M. on June 25, 2010.

Any rebuttal and surrebuttal evidence will be presented on Monday, June 28, 2010.

If no rebuttal evidence is presented, closing arguments shall be presented beginning at 8:00 A.M. on June 28, 2010. If rebuttal evidence is presented, closing arguments shall be given immediately after the conclusion of the rebuttal and surrebuttal evidence.

If a verdict is returned in favor of Plaintiffs on the issue of the recovery of punitive damages, each side shall have one hour to present evidence as to the issue of the amount of punitive damages that should be awarded. While the Court believes this is sufficient

time, the Court will hear from the parties if they believe more time is necessary for the presentation of evidence on this issue.

This schedule does not relieve the Defendant of being prepared to proceed when the Plaintiffs rest their case if they do so before the time contemplated in this order. The Court expects Plaintiffs' counsel to give Defendant's counsel notice if it determines that it will rest prior to the time set forth in this order.

The Court finds that based upon its familiarity with the issues in this case and the evidence this schedule should permit the fair and efficient presentation of this case to the jury. Therefore, the Court intends to enforce this schedule absent extraordinary and unforeseen circumstances.

IT IS SO ORDERED, this 20th day of May, 2010.

                                        S/Clay D. Land
                                          CLAY D. LAND
                         UNITED STATES DISTRICT JUDGE