IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| IN RE MENTOR CORP. OBTAPE TRANSOBTURATOR SLING PRODUCTS LIABILITY LITIGATION | * MDL Docket No. 2004<br>4:08-MD-2004 (CDL)<br>*<br><u>Case Nos.</u><br>* 3:07-cv-00101 (Stafford *et al.*)<br>3:07-cv-00102 (Booth *et al.*)<br>* 3:07-cv-00130 (Dover *et al.*) |

O R D E R

A the pretrial conference, the Court conditionally granted Mentor's Motion in Limine No. 16, which sought exclusion of evidence regarding Mentor's decision to begin marketing a new suburethral sling product, Aris, as well as Mentor's decision to stop selling ObTape. The Court accepted Mentor's argument that both the introduction of Aris and the withdrawal of ObTape from the market constitute subsequent remedial measures under Federal Rule of Evidence 407 and that evidence of these measures is thus not admissible to prove defect or failure to warn. The Court did note at the pretrial conference that evidence regarding Aris may be admissible if Mentor claims that there was no feasible alternative design for ObTape. *See* Fed. R. Civ. P. 407.

At the pretrial conference, the Court focused on whether Rule 407 had a subjective intent requirement as Plaintiffs' counsel argued. According to Plaintiffs' counsel, before a remedial measure can be excluded under Rule 407, it must be established that the defendant took the subsequent remedial measure for the specific purpose of remediating a problem. The Court expressed skepticism as to this argument, observing that if the measure would have made the injury less likely to occur, regardless of whether that was the

defendant's specific intent, evidence of the remedial measure should be excluded under Rule 407 on issues of fault, defect, and failure to warn. In supplemental briefs, the parties have added clarity to the discussion of the issue, and after further consideration, particularly consideration of certain facts that the Court either did not know or did not fully appreciate at the pretrial conference, the Court finds it necessary to clarify its oral ruling made at the pretrial conference.

## I. Standard

Rule 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

## II. Evidence That Mentor Stopped Sales of ObTape

Mentor contends that the Court should exclude evidence that Mentor stopped selling ObTape. According to Mentor, the decision to stop ObTape sales is a subsequent remedial measure under Rule 407. Plaintiffs contend that Mentor did not stop ObTape sales for safety purposes, so the decision to stop sales was not a subsequent remedial measure. In support of their argument, Plaintiffs cite *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1343 (5th Cir. 1978), in which the court found that the defendant's trend cost estimate was not a subsequent remedial measure within the meaning of Rule 407 because

2

(1) the document was written *before* the accident at issue and was thus not a "subsequent" measure, and (2) the document was required by the National Highway Traffic Safety Administration and was not prepared to improve safety of a product. While the *Rozier* court did note that the purpose of Rule 407 is "based on a social policy of encouraging people to take . . . steps in furtherance of added safety," *id.* (internal quotation marks omitted), the court did not hold that the absence of a remedial motive prevented exclusion under Rule 407. Moreover, other courts specifically addressing this precise issue have held otherwise. *See Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (finding that company's motive for changing warning label was irrelevant to question whether change was subsequent remedial measure within meaning of Rule 407, even though there was evidence that change was not made for safety reasons). The Court reaffirms its conclusion at the pretrial conference that subjective intent or motive in taking a remedial measure is not a dispositive prerequisite for exclusion under Rule 407. Therefore, if the decision to stop selling ObTape subsequent to the injuries suffered by the Plaintiffs would have made the harm suffered by the Plaintiffs less likely had the product not been sold prior to their injuries, then the discontinuation of ObTape sales is not admissible "to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." Fed. R. Evid. 407.

Furthermore, as noted at the pretrial conference, this ruling does not mean that the evidence cannot be admitted for another

3

purpose, "such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." *Id.* It also does not mean that evidence of ObTape's market troubles is not admissible, so long as it is relevant.

**III. Evidence Regarding Aris**

The foregoing discussion is consistent with the Court's ruling at the pretrial conference. However, the admissibility of evidence regarding Aris requires additional clarification and explanation. Mentor contends that its introduction of Aris, a different suburethral sling product, constitutes a subsequent remedial measure under Rule 407 and that all references to Aris should thus be excluded. As noted above, a subsequent remedial measure is a measure that, if taken prior to an injury, would have made the injury less likely to occur. Fed. R. Evid. 407. Here, the evidence suggests that Mentor introduced Aris in March 2005 and continued to market ObTape until March 2006. Thus, though the two products competed for market share among urologists and urogynecologists, the introduction of Aris, standing alone, was not a measure that would have made an injury caused by ObTape less likely to occur because Mentor continued actively marketing ObTape after the launch of Aris. The introduction of Aris would only be a subsequent remedial measure under Rule 407 if its launch coincided with Mentor's withdrawal of ObTape from the market. Accordingly, the Court finds that evidence regarding the introduction of Aris should not be excluded under Rule 407.

CONCLUSION

As discussed above, the Court concludes that Mentor's launch of Aris is not a subsequent remedial measure under Rule 407, and it may be admitted to the extent it is relevant. Mentor's decision to stop selling ObTape is a subsequent remedial measure under Rule 407, so it may not be admitted "to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." Fed. R. Evid. 407. It may be admitted for another purpose, "such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." *Id.*

IT IS SO ORDERED, this 20th day of May, 2010.

                                        S/Clay D. Land
                                              CLAY D. LAND
                          UNITED STATES DISTRICT JUDGE