```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case Nos. |
| LIABILITY LITIGATION | * | 3:07-cv-00101 (Stafford *et al.*) |
| | | 3:07-cv-00102 (Booth *et al.*) |
| | * | 3:07-cv-00130 (Dover *et al.*) |

O R D E R

Upon further consideration, the Court finds that Georgia law recognizes a cause of action arising from a manufacturer's "continuing duty to warn" previous purchasers of a product regarding dangers associated with the product that the manufacturer becomes aware of after it has sold the product to the purchaser. The Court's previous rulings on this issue to the contrary are hereby vacated.

At the pretrial conference in this case, while addressing Defendant's various motions in limine, the Court concluded that the relatively recent case of *Ford Motor Co. v. Reese,* 300 Ga. App. 82, 684 S.E.2d 279 (2009) clarified that any duty that a manufacturer had to warn of product dangers that it became aware of after the initial sale of its product was owed only to future purchasers. The Court confirmed this oral ruling in a subsequent written ruling. *See In re Mentor Corp. ObTape Transobturator Sling Prods.Liab.Litig.*, No. 4:08-md-2004 (CDL), 2010 WL 1998166, at *3 (M.D. Ga. May 20, 2010). The Court explained that a "product manufacturer has a duty to warn future purchasers of unreasonable risks associated with its product

even if it does not become aware of those risks until some date after it initially introduces the product into the marketplace" and concluded that, under *Resse*, "this duty is not owed to previous purchasers." *Id.*

Upon further reflection, the Court concludes that it got it wrong. A careful reading of *Ford Motor Co. v. Reese* reveals that the precise holding addressed only whether a "duty to recall" a product exists under Georgia law. The Court of Appeals in *Reese* clearly stated that no such duty exists. The Court of Appeals's rationale *could* support a conclusion that, for the same reasons no duty to recall exists, any duty to warn should not extend to previous purchasers of a product but should only extend to subsequent purchasers, although that inference is certainly not mandated by the *Reese* Court's rationale and is clearly not part of the *Reese* Court's actual holding. Moreover, based on additional research, the Court now concludes that such an inference is inconsistent with other Georgia precedent on the subject.

First, the Court observes that the Court of Appeals in *Reese* expressly recognized that a "continuing duty to warn" exists in Georgia. *Id.* at 85, 684 S.E.2d at 284 ("It is true that Georgia law imposes a continuing duty upon manufacturers to warn of a danger arising from a product after its sale or distribution.") Furthermore, the Court of Appeals implied that the manufacturer may

2

have had a duty to warn previous purchasers of a later discovered defect although they had no duty to recall the allegedly defective product. *Id.* at 85 n.1. Thus, the Court now concludes that expanding *Reese* beyond its specific holding—that no duty to recall exists in Georgia—is unwarranted. This conclusion is also supported by the following.

The Georgia Supreme Court has clearly stated that a duty to warn may arise "from a manufacturer's post-sale knowledge acquired months, years, or even decades after the date of the first sale of the product." *Chrysler Corp. v. Batten,* 264 Ga. 723, 724, 450 S.E.2d 208, 211 (1994). Nothing in *Batten* or any other Georgia Supreme Court precedent indicates that this duty to warn is restricted only to subsequent purchasers of the product.[1]

The Georgia legislature has also recognized that a continuing duty to warn exists in Georgia. O.C.G.A. § 51-1-11(c) provides that the statute of repose shall not "relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer." Nothing exists to indicate that

---

[1] The Court also notes that the Georgia Court of Appeals appears to have previously recognized that the continuing duty to warn applies to those who received the product prior to the manufacturer learning of the alleged dangerous condition. *See Hunter v. Werner Co.,* 258 Ga. App. 379, 385, 574 S.E.2d 426, 432 (2002)("Because there is no evidence showing that Werner warned, *notified, or attempted to notify* Hunter about this information, we conclude that a jury must determine whether Werner breached a duty to warn Hunter about the danger . . . .") (emphasis added).

3

the Georgia General Assembly intended to restrict in any way this continuing duty to warn only to future purchasers.

Based on the foregoing, the Court concludes that under Georgia law a manufacturer has a continuing duty to warn of a danger arising from a product after its sale or distribution and that this duty is owed both to future purchasers of the product and previous purchasers. Any of the Court's previous rulings on this issue to the contrary are hereby vacated. The Court does not suggest that in this case the continuing duty to warn is owed directly to the Plaintiffs who were ultimately implanted with the product, but that duty may require notification of their physicians who implanted the product. The Court will instruct the jury on the extent of this duty under Georgia law. Ultimately, whether Defendant has breached its continuing duty to warn in this case will be determined by the jury after receiving appropriate instructions from the Court as to what it may consider in determining whether a breach has occurred.

IT IS SO ORDERED, this 28th day of May, 2010.

                                              S/Clay D. Land
                                                CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE