IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case Nos. |
| LIABILITY LITIGATION | * | 3:07-cv-00101 (Stafford *et al.*) |
| | | 3:07-cv-00102 (Booth *et al.*) |
| | * | 3:07-cv-00130 (Dover *et al.*) |

O R D E R

The Court previously ruled that Plaintiffs would be permitted to introduce evidence of substantially similar ObTape complications that occurred in other women after the Plaintiffs were implanted with ObTape, provided that Plaintiffs establish that such "other incidents" are substantially similar to Plaintiffs' injuries. Accordingly, the Court ordered Plaintiffs to file materials supporting a finding of substantial similarity, and Mentor had an opportunity to respond. After considering the parties' submissions, including the reply and sur-reply, the Court ruled at today's final pretrial conference that Plaintiffs had satisfied their burden of establishing substantial similarity.[1] The rationale for that ruling is set forth in this Order.

As the Court previously observed, under binding Eleventh Circuit precedent, "evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of

---

[1] The Court excluded Plaintiffs' Trial Exhibit 128 because it appears to reference erosions in a product other than ObTape, and Plaintiffs cannot establish that the exhibit does reference ObTape erosions.

the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation." *Hessen v. Jaguar Cars,* 915 F.2d 641, 650 (11th Cir. 1990). For evidence of similar occurrences to be relevant, "the proponent of it must show the similarity of conditions and that the occurrences are not too remote in time." *E.g., Worsham v. A.H. Robins Co.*, 734 F.2d 676, 689 (11th Cir. 1984) (finding no error in trial court's admission of evidence regarding other injuries similar to plaintiff's injury and caused by defendant's product); *see also, e.g., Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1313 (11th Cir. 2000) (finding no error in admission of 92 complaints submitted to manufacturer regarding breast implant ruptures where only 13 implants ruptured by exact mechanism plaintiff's had).

The Court concluded that Plaintiffs' proffered "similar complications" evidence meets the "substantially similar" requirement. Plaintiffs' evidence involves women (1) who were implanted with the same product—ObTape;[2] (2) by the same surgical procedure; (3) to treat stress urinary incontinence; and (4) who suffered complications such as erosion, infection, malodorous vaginal

---

[2] As the Court stated at the final pretrial conference, the Court reserves until trial ruling on whether Uratape is sufficiently similar to ObTape such that evidence of Uratape complications may be introduced as a similar occurrence.

2

discharge, resistance to treatment, abscesses, and/or multiple corrective surgeries. The Court rejected Mentor's argument suggesting that complications must be nearly identical to be considered "substantially similar." *See Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986) (finding that trial court improperly excluded evidence of all accidents except those involving precise two components involved in plaintiff's case, where disputed danger was mismatch of all multi-piece parts, not just parts at issue in plaintiff's case). The Court also concluded, after balancing all of the appropriate factors, that Plaintiffs' proffered "similar complications" evidence should not be excluded under Federal Rule of Evidence 403.[3]

IT IS SO ORDERED, this 28th day of May, 2010.

                                    S/Clay D. Land
                                      CLAY D. LAND
                       UNITED STATES DISTRICT JUDGE

---

[3] The Court reserved ruling on whether any of Plaintiffs' similar complications evidence that occurred after ObTape was explanted from Plaintiffs and thus was not being admitted for purposes of notice should be excluded as impermissible hearsay.

3